1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           CENTRAL DISTRICT OF CALIFORNIA

10

11   ZOMBA RECORDING LLC,                    )   Case No. CV 07-6591 ODW(JCx)
                                             )
12                                           )
                                             )   STANDING ORDER
13                        Plaintiff(s),      )   REGARDING NEWLY
                                             )   ASSIGNED CASES
14            v.                             )
                                             )
15   MARIO ARAMANDO LAVANDEIRA,              )
     JR., et al.                             )
16                                           )
                                             )
17                        Defendant(s).      )
                                             )
18

19

20       **READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND**

21         **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

22

23            This case has been assigned to the calendar of United States District

24   Judge Otis D. Wright II.  The responsibility for the progress of litigation in the

25   Federal Courts falls not only upon the attorneys in the action, but upon the Court

26   as well.  "To secure the just, speedy, and inexpensive determination of every

27   action," Fed. R. Civ. P.1, all counsel are hereby ordered to familiarize themselves

28   with the Fed. R. Civ. P. , particularly Fed. R. Civ. P. 16, 26, the Local Rules of the

1  Central District of California, this Court's Order for Jury Trial, and this Court's

2  Order for Court Trial.[1]

3

4  **UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING**

5  **RULES SHALL APPLY:**

6      1.      **Service of the Complaint**.  The Plaintiff(s) shall promptly serve the

7  Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service

8  pursuant to Local Rule.  Any Defendant(s) not timely served shall be dismissed

9  from the action without prejudice.  Any "DOE" or fictitiously-named Defendant(s)

10  who is not identified and served within 120 days after the case is filed shall be

11  dismissed pursuant to Fed. R. Civ. P. 4(m).

12      2.      **Removed Actions**.  Any answers filed in state court must be refiled

13  in this Court as a supplement to the petition.  Any pending motions must be re-

14  noticed in accordance with Local Rule.  If an action is removed to this Court that

15  contains a form pleading, i.e., a pleading in which boxes are checked, the party or

16  parties utilizing the form pleading must file an appropriate pleading with this

17  Court within thirty (30) days of receipt of the Notice of Removal.  The appropriate

18  pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8,

19  9, 10 and 11.

20      3.      **Presence of Lead Counsel.**  The attorney attending any proceeding

21  before this Court, including all status and settlement conferences, must be the lead

22  trial counsel.

23      4.      **Discovery.**  All discovery matters have been referred to a United

24  States Magistrate Judge.  (The Magistrate Judge's initials follow the Judge's

25

26 _____

      [1] Copies of the Local Rules are available on the Central District's website at
27  "http://www.cacd.uscourts.gov."

28                                        2

1   initials next to the case number.)  All documents must include the words

2   "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are

3   directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule

4   matters for hearing.  Please do <u>not</u> deliver courtesy copies of these papers to this

5   Court.

6        The decision of the Magistrate Judge shall be final, subject to modification

7   by the District court only where it has been shown that the Magistrate Judge's

8   order is clearly erroneous or contrary to law.  Any party may file and serve a

9   motion for review and reconsideration before this Court.  The moving party must

10   file and serve the motion within ten (10) days of service of a written ruling or

11   within ten (10) days of an oral ruling that the Magistrate Judge states will not be

12   followed by a written ruling.  The motion must specify which portions of the text

13   are clearly erroneous or contrary to law, and the claim must be supported by points

14   and authorities.  Counsel shall deliver a conformed copy of the moving papers and

15   responses to the Magistrate Judge's clerk at the time of filing.

16   **5.     <u>Motions - General Requirements</u>**

17        a.   <u>Time for Filing and Hearing Motions</u>:  Motions shall be filed in

18   accordance with Local Rule 7.  This Court hears motions on Mondays, beginning

19   at 1:30 p.m.  If Monday is a national holiday, motions will be heard on the next

20   Monday.  If the motion date selected is not available, the Court will issue a minute

21   order continuing the date.  Opposition or reply papers due on a holiday must be

22   filed the preceding Friday - not the following Tuesday, and must be hand-

23   delivered or faxed to opposing counsel on that Friday.  Professional courtesy

24   dictates that moving parties should, whenever possible, avoid filing motions for

25   which opposition papers will be due the Friday preceding a holiday.  Such a filing

26   is likely to cause a requested continuance to be granted.

27

28

1    Adherence to the timing requirements is mandatory for Chambers'
2    preparation of motion matters.

3    b.  <u>Pre-filing Requirement</u>:  Counsel must comply with Local Rule 7-3,
4    which requires counsel to engage in a pre-filing conference "to discuss
5    thoroughly . . . the substance of the contemplated motion and any potential
6    resolution."  Counsel should discuss the issues to a sufficient degree that if a
7    motion is still necessary, the briefing may be directed to those substantive issues
8    requiring resolution by the Court.  Counsel should resolve minor procedural or
9    other non-substantive matters during the conference.  The *pro per* status of one or
10   more parties does not negate this requirement.

11   c.  <u>Length and Format of Motion Papers</u>: Memoranda of points and
12   authorities in support of or in opposition to motions shall not exceed 25 pages.
13   Replies shall not exceed 12 pages.  Only in rare instances and for good cause
14   shown will the Court grant an application to extend these page limitations.
15   If documentary evidence in support of or in opposition to a motion exceeds 50
16   pages, the evidence must be in a separately bound and tabbed pleading and include
17   a table of contents.  If such evidence exceeds 200 pages, the documents shall be
18   placed in a Slant D-Ring binder, including table of contents, with each item of
19   evidence separated by a tab divider on the right side.

20   NOTE: Times New Roman font must be used; the font size must be no less
21   than 14.  Footnotes shall be in typeface no less than two sizes smaller than text
22   size and shall be used sparingly.  All other typeface regulations are governed by
23   Local Rule 11-3.1.1.

24   Filings that do not conform to the Local Rules and this Order will not be
25   considered.

26   d.  <u>Citations to Case Law</u>: Citations to case law must identify not only the
27

28                                        4

1 | case cited, but the specific page referenced.

2 |      e.  <u>Citations to Other Sources</u>:  Statutory references should identify with
3 | specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this
4 | cause of action may appropriately be found in 47 U.S.C. § 33, which grants the
5 | district courts jurisdiction over all offenses of the Submarine Cable Act, whether
6 | the infraction occurred within the territorial waters of the United States or on
7 | board a vessel of the United States outside said waters).  Statutory references that
8 | do not specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs
9 | allege conduct in violation of the Federal Electronic Communication Privacy Act,
10 | 18 U.S.C. § 2511, et seq.) are to be avoided.  Citations to treatises, manuals, and
11 | other materials should include the volume, section, and pages being referenced.

12 |      f.  <u>Oral Argument</u>:  If the Court deems a matter appropriate for decision
13 | without oral argument, the Court will notify the parties in advance.

14 |     **6.**   **<u>Specific Motion Requirements</u>**

15 |     a.  <u>Motions Pursuant to Rule 12</u>:  Many motions to dismiss or to strike can
16 | be avoided if the parties confer in good faith (as required under Local Rule 7-3),
17 | especially for perceived defects in a complaint, answer, or counterclaim that could
18 | be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.
19 | 1996) (where a motion to dismiss is granted, a district court should provide leave
20 | to amend unless it is clear that the complaint could not be saved by any
21 | amendment).  Moreover, a party has the right to amend the complaint "once as a
22 | matter of course at any time before a responsive pleading is served." Fed. R. Civ.
23 | P. 15(a).  A Rule 12(b)(6) motion is not a responsive pleading and therefore
24 | plaintiff might have a right to amend.  *See St. Michael's Convalescent Hospital v.*
25 | *California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d
26 | 958, 958-59 (9th Cir. 1971).  Even after a complaint has been amended or a

27 |

28 | 5

1  responsive pleading has been served, the Federal Rules provide that leave to

2  amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

3  The Ninth Circuit requires that this policy favoring amendment be applied with

4  "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,

5  1079 (9th Cir. 1990).

6      These principles require that plaintiff's counsel carefully evaluate

7  defendant's contentions as to the deficiencies in the complaint. In most instances

8  the moving party should agree to any amendment that would cure the defect.

9      b. <u>Motions to Amend</u>: In addition to the requirements of Local Rule 15-1,

10  all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be

11  serially numbered to differentiate the amendment from previous amendments; and

12  (3) state the page and line number(s) and wording of any proposed change or

13  addition of material.

14      The parties shall deliver to Chambers a "redlined" version of the proposed

15  amended pleading indicating all additions and deletions of material.

16      c. <u>Summary Judgment Motions</u>: Parties need not wait until the motion

17  cutoff to bring motions for summary judgment or partial summary judgment.

18  However, the court expects that the party moving for summary judgment will

19  provide more than the minimum twenty-one (21) day notice for motions. Because

20  summary judgment motions are fact-dependent, parties should prepare papers in a

21  fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use

22  of tabs, tables of contents, headings, indices, etc.). The parties are to comply

23  precisely with Local Rule 56-1 through 56-4.

24      i. <u>Statement of Undisputed Facts and Statement of Genuine Issues</u>:

25      The separate statement of undisputed facts shall be prepared in a two-

26  column format. The left hand column sets forth the allegedly undisputed fact.

27

28                                            6

The right hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

ii. Supporting Evidence: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in

1  support of opposition to a motion for summary judgment.  The court will not
2  consider such material.

3       Evidence submitted in support of or in opposition to a motion should be
4  submitted either by way of stipulation or as exhibits to declarations sufficient to
5  authenticate the proffered evidence, and should not be attached to the
6  memorandum of points and authorities.  The court will accept counsel's
7  authentication of deposition transcripts, written discovery responses and the
8  receipt of documents in discovery if the fact that the document was in the
9  opponent's possession is of independent significance.  Documentary evidence as
10  to which there is no stipulation regarding foundation must be accompanied by the
11  testimony, either by declaration or properly authenticated deposition transcript, of
12  a witness who can establish authenticity.

13       iii.  <u>Objections to Evidence</u>:  If a party disputes a fact based in
14  whole or in  part on an evidentiary objection, the ground of the objection, as
15  indicated above, should be stated in a separate statement but not argued in that
16  document.

17      **7.**  **Proposed Orders**.  Each party filing or opposing a motion or seeking
18  the determination of any matter shall serve and lodge a proposed order setting
19  forth the relief or action sought and a brief statement of the rationale for the
20  decision with appropriate citations.

21      **8.**  **Courtesy Copies**:  It is NOT necessary for parties to file courtesy
22  copies in civil cases unless the filing is time sensitive (i.e. ex parte applications,
23  temporary restraining orders, etc.).  If a courtesy copy is delivered, it should be
24  placed in the drop-box outside chambers.  <u>All original filings are to be filed at the
25  filing window (Clerk's Office, Room G-19), NOT in chambers and NOT in the
26  courtroom.</u>

27

28                        8

1      **9.**    **Telephonic Hearings.** The Court does not permit appearances or

2 arguments by way of telephone conference calls.

3      **10.**    **Ex Parte Applications.** The Court considers ex parte applications

4 on the papers and does not usually set these matters for hearing. If a hearing is

5 necessary, the parties will be notified. Ex parte applications are solely for

6 extraordinary relief and should be used with discretion. Sanctions may be

7 imposed for misuse of ex parte applications. *See Mission Power Engineering Co.*

8 *v. Continental Casualty Co.,* 883 F.Supp. 488 (C.D. Cal. 1995).

9      Counsel's attention is directed to Local Rules. Applications that fail to

10 conform to Local Rule 7-19 and 7-19.1, **including a statement of opposing**

11 **counsel's position,** will not be considered except on a specific showing of good

12 cause. In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving

13 party shall, following service of the ex parte papers by facsimile transmission or

14 personal service, notify the opposition that opposing papers must be filed no later

15 than twenty four (24) hours following service, except in cases where the opposing

16 party has not previously appeared (i.e. responded to the Complaint). In those

17 cases where the opposing party has not previously appeared, the moving party

18 shall, following service of the ex parte papers by facsimile or personal service,

19 notify the opposition that opposing papers must be filed no later than forty eight

20 (48) hours following service. A conformed courtesy copy of moving, opposition,

21 or notice of non-opposition papers are to be hand-delivered to the courtesy box

22 outside the entrance to Judge Wright's chambers on the Spring Street level of the

23 U.S. Courthouse, 312 North Spring Street. Counsel will be notified by the clerk of

24 the Court's ruling. If counsel does not intend to oppose an ex parte application, he

25 or she must inform the Courtroom Deputy Clerk at (213) 894-8266.

26      **11.**    **TROs and Injunctions.** Parties seeking emergency or provisional

27

28 9

1  relief shall comply with Rule 65 and Local Rule 65. The Court will not rule on

2  any application for such relief for at least twenty-four hours after the party subject

3  to the requested order has been served, unless service is excused. Such party may

4  file opposing or responding papers in the interim.

5        **12.    Continuances**. This Court has a strong interest in keeping scheduled

6  dates certain. Changes in dates are disfavored. Trial dates set by the Court are

7  firm and will rarely be changed. Therefore, a stipulation to continue the date of

8  any matter before this Court **must** be supported by a sufficient basis that

9  demonstrates good cause why the change in the date is essential. Without such

10 compelling factual support, stipulations continuing dates set by this Court will not

11 be approved. Counsel requesting a continuance must lodge a proposed stipulation

12 and order including a **detailed** declaration of the grounds for the requested

13 continuance or extension of time. Failure to comply with the Local Rules and this

14 Order will result in rejection of the request without further notice to the parties.

15 Proposed stipulations extending scheduling dates do not become effective unless

16 and until this Court so orders. Counsel wishing to know whether a stipulation has

17 been signed shall comply with the applicable Local Rule.

18       **13.    Communications with Chambers**. Counsel shall not attempt to

19 contact the Court or its staff by telephone or by any other ex parte means. Counsel

20 may contact the Courtroom Deputy Clerk with appropriate inquiries only.

21 Counsel shall not contact the Courtroom Deputy regarding status of ex parte

22 application/ruling or stipulation/ruling. If counsel desires a conformed copy of

23 any proposed order submitted to the Court, counsel shall provide an extra copy of

24 the document, along with a self-addressed, stamped envelope. Counsel should list

25 their facsimile transmission numbers along with their telephone numbers on all

26 papers to facilitate communication with the Courtroom Deputy.

27

28                                       10

14.   **Order Setting Scheduling Conference.**  Pursuant to
Fed. R. Civ. P.16(b), the Court will issue an Order setting a Scheduling
Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court.
Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

15. · **Notice of this Order.**   Counsel for plaintiff or plaintiff (if appearing
on his or her own behalf) shall immediately serve this Order on all parties,
including any new parties to the action.  If this case came to the Court by a
Petition for Removal, the removing defendant(s) shall serve this Order on all other
parties.

DATED:     October 18, 2007

Otis D. Wright II
United States District Judge

Rev. 4/07                    11