1  Peter J. Anderson, Esq., SBN 088891
   E-mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard
   Suite 2010
4  Santa Monica, CA 90401

5  Tel: (310) 260-6030
   Fax: (310) 260-6040
6
   Attorneys for Plaintiff
7  ZOMBA RECORDING LLC

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11 ZOMBA RECORDING LLC, a Delaware )    Case No.  CV 07-06591 ODW (JCx)
   limited liability company,        )
12                                   )
                                     )
13          Plaintiff,               )    FIRST AMENDED COMPLAINT
                                     )    FOR COPYRIGHT INFRINGE-
14     vs.                           )    MENT; AND CONVERSION
                                     )
15 MARIO ARAMANDO LAVANDEIRA,        )    DEMAND FOR JURY TRIAL
   JR., aka  Mario Lavandeira and Perez )
16 Hilton, an individual, and DOES 1 through )
   10, inclusive,                    )
17                                   )
                                     )
18          Defendants.              )
                                     )
   _____  )

19

20

21

22

23

24

25

26

27

28

                              1

Plaintiff Zomba Recording LLC alleges:

## **JURISDICTION AND VENUE**

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), insofar as it arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This Court has supplemental jurisdiction of plaintiff's State law claim under 28 U.S.C. § 1367(a), insofar as it is so related to plaintiff's other claims that it forms part of the same case or controversy.

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) insofar as at least one defendant resides in this District or, alternatively, under 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. §§ 1391(b) or 1400, insofar as at least one defendant may be found here.

## **THE PARTIES**

3.      Plaintiff is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in the State of New York.

4.      Plaintiff is informed and believes, and upon that basis alleges, that defendant Mario Aramando Lavandeira, Jr., also known as Mario Lavandeira and as Perez Hilton, is an individual and resides in the County of Los Angeles, State of California.

5.      Plaintiff is presently unaware of the true names and/or the involvement of the defendants sued herein by the fictitious designations Does 1-10, and for that reason

1   sues them by those designations.  Plaintiff will seek leave of Court to amend this

2   pleading to identify those defendants when their true names and involvement in the

3   infringements hereinafter described are known.

4

5                      **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6

7       6.      This action arises from defendants' multiple and willful infringements of

8   plaintiff's sound recordings, all but one of which plaintiff has not yet released to the

9   public, and defendants' stubborn and deliberate persistence in those infringements

10  despite repeated notification that defendants' conduct is unlawful.

11

12                      **Plaintiff And Its October 30, 2007 Release**

13                      **Of Plaintiff's New Britney Spears Album**

14

15      7.      Plaintiff is a record company and owns and distributes albums and other

16  copies -- or "phonorecords," 17 U.S.C. § 101 -- of sound recordings owned by plaintiff

17  and embodying performances by various recording artists.  Plaintiff invests a

18  substantial amount of time, effort and expense in creating and promoting its sound

19  recordings, including in first releasing new albums to the public.

20

21      8.      The recording artists featured on plaintiff's phonorecords include Britney

22  Spears.  Ms. Spears is a world-famous performer and recording artist.  She is among

23  the best-selling recording artists of all time and over 30,000,000 copies of albums

24  featuring her performances have been sold since her debut album in 1999.

25

26      9.      On October 30, 2007, plaintiff released throughout the world, a new

27  album titled *Blackout* and featuring Ms. Spears' performances and consisting of copies

28  of sound recordings owned by plaintiff.  Plaintiff owns various sound recordings that

3

1    were created in anticipation of that release, including as yet unfinished sound
2    recordings and completed sound recordings.  These sound recordings include sound
3    recordings of Ms. Spears' performances of an as yet untitled musical composition and
4    musical compositions titled *Perfect Lover*, *Heaven On Earth*, *Break The Ice*,
5    *Everybody*, *Gimme More*, *Hot As Ice*, *Kiss You All Over*, *Piece Of Me* and *Radar* (the
6    "Recordings").

7

8        10.    Plaintiff expended a great deal of time, effort and expense in creating the
9    sound recordings for the album and in connection with the promotion and October 30,
10   2007 release of the album.  Those efforts include releasing in August, 2007, copies of
11   one of the sound recordings, *Gimme More*, to radio broadcasters for public
12   performance by analog and digital audio transmission.  As a result of Ms. Spears'
13   popularity, plaintiff's careful expenditures of time, effort and expense and the fact that
14   an album featuring new performances by Ms. Spears has not been released since 2003,
15   there was a great deal of public anticipation for plaintiff's release of the new album.

16

17            **Defendants' Unlawful Copying And Public Dissemination**
18            **Of Plaintiff's Britney Spears Sound Recordings**

19

20       11.    Plaintiff is informed and believes, and upon that basis alleges, that
21   defendant Lavandeira owns, maintains and operates an Internet web site known as
22   perezhilton.com.   Defendant Lavandeira is a self-styled celebrity "Queen of All
23   Media."  His website, which represents that it is viewed millions of times each day,
24   consists largely of copies of photographs, videos and sound recordings owned by
25   others, together with "banners" or advertisements, which defendant Lavandeira charges
26   advertisers to include on the pages of his website.
27   ///
28   ///

4

1   12. Plaintiff is informed and believes, and upon that basis alleges, that by

2 means presently unknown to plaintiff, defendants Lavandeira and Does 1 through 5

3 unlawfully obtained possession of plaintiff's Recordings and/or one or more of

4 plaintiff's copies of the Recordings.

5

6   13. On or about August 23, 2007, plaintiff learned that defendants had posted

7 on perezhilton.com a copy of plaintiff's sound recording of Ms. Spears' performance

8 of the untitled musical composition.  Plaintiff has not released that sound recording,

9 which defendants posted under the false title "Baby Boy."  Defendants, in posting that

10 sound recording and the other sound recordings as alleged hereinbelow, copied and

11 reproduced the sound recordings, made them available by digital audio transmissions

12 for "streaming" by visitors to defendant Lavandeira's website, and made them

13 available for downloading by visitors with a basic knowledge of the Internet and the

14 operation of websites.

15

16   14. On August 23, 2007, plaintiff, through the Recording Industry

17 Association of America, Inc. (the "RIAA"), a trade association of which plaintiff is a

18 member, demanded that defendant Lavandeira remove the copy of plaintiff's untitled

19 sound recording from his website.  Defendant failed to comply, but on August 24,

20 2007, the Internet service provider ("ISP") providing defendant Lavandeira access to

21 the Internet, confirmed that it had disabled access to the sound recording on defendant

22 Lavandeira's website.

23

24   15. Despite the foregoing, defendants have continued to post and re-post

25 unlawful copies of plaintiff's sound recordings on perezhilton.com.

26

27   16. Thus, on or about August 30 and 31, 2007, defendants posted on

28 perezhilton.com copies of plaintiff's sound recordings *Gimme More* and *Hot As Ice*,

1  the latter under the false title "Cold as Fire" and which plaintiff had not yet released to
2  the public.    Once again, plaintiff, through the RIAA, demanded that defendant
3  Lavandeira's ISP remove or disable access to the sound recordings *Gimme More* and
4  *Hot As Ice*, and both were later removed by defendant Lavandeira's ISP.

5

6      17.    However, on or about September 4, 2007, defendants re-posted a copy of
7  *Gimme More* at another location on perezhilton.com, and posted on perezhilton.com
8  copies of plaintiff's sound recordings *Perfect Lover*, under the false title "Got Me
9  High," *Heaven On Earth*, under the false title "Your," *Break The Ice*, under the false
10  title "Been A While," and *Everybody*.   Plaintiff also had not yet released these latter
11  four sound recordings to the public. Plaintiff, through the RIAA, again demanded that
12  defendant Lavandeira's ISP remove or disable access to these sound recordings, and
13  defendant Lavandeira's ISP subsequently removed some of those sound recordings but
14  others remain posted on perezhilton.com.

15

16      18.    Further, defendants then proceeded to post on perezhilton.com copies of
17  plaintiff's sound recordings *Kiss You All Over* on September 18, 2007, *Piece of Me* on
18  October 1, 2007, and *Radar* on October 6, 2007.   Plaintiff also had not released these
19  sound recordings to the public. Plaintiff, through the RIAA, once again demanded that
20  defendant Lavandeira's ISP remove or disable access to these sound recordings, and
21  they have been removed.

22

23      19.    Plaintiff is presently unaware of the full extent and nature of defendants'
24  infringements and other wrongful conduct and plaintiff will, if necessary, seek leave to
25  amend this pleading to describe the full extent and nature of defendants' infringements
26  and other wrongful conduct when ascertained by plaintiff.

27  ///

28  ///

20.     Despite demands that defendants cease their infringements, defendants have acted with a callous disregard of the law and continued and expanded their infringements.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement As To The Untitled Sound Recording)

### (Against All Defendants)

21.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

22.     Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the unpublished and as yet untitled sound recording of Ms. Spears' performance of an untitled musical composition. Pursuant to 17 U.S.C. § 408(f) and 37 C.F.R. § 202.16, the United States Register of Copyrights preregistered plaintiff's copyright in that untitled sound recording and issued to plaintiff Preregistration Number PRE000000756 for the copyright in that sound recording, and the Register of Copyrights thereafter issued to plaintiff Certificate of Registration Number SRu 865-004 for plaintiff's copyright in that sound recording.

23.     Defendants have infringed plaintiff's copyright by, *inter alia*, copying and reproducing plaintiff's untitled sound recording, under the false title "Baby Boy," by distributing copies of that untitled sound recording to the public, by performing that untitled sound recording publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's knowledge and consent.

///

///

7

24.    Despite demands that defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so.    Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

25.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

26.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election and as to those infringements for which statutory damages are available, statutory damages of at least $150,000 or such greater amount as may be permitted by law.

## SECOND CLAIM FOR RELIEF

### (For Copyright Infringement As To *Perfect Lover*)

### (Against All Defendants)

27.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

28.    Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the unpublished sound recording titled *Perfect Lover*. The United States Register of Copyrights preregistered plaintiff's copyright in that sound recording and issued to plaintiff Preregistration Number PRE000000679 for the copyright in that sound recording, and the Register of Copyrights thereafter issued to plaintiff

8

1   Certificate of Registration Number SR 609-604 for plaintiff's copyright in that sound

2   recording and other sound recordings included in plaintiff's new album, *Blackout*.

3

4       29.   Defendants have infringed plaintiff's copyright by, *inter alia*, copying and

5   reproducing *Perfect Lover*, under the false title "Got Me High," by distributing copies

6   of *Perfect Lover* to the public, by performing *Perfect Lover* publicly and/or by causing,

7   inducing or purporting to authorize all or some of the foregoing infringements, all

8   without plaintiff's knowledge and consent.

9

10      30.   Despite demands that defendants cease their infringements of plaintiff's

11  copyright, defendants have failed or refused to do so.   Plaintiff is informed and

12  believes, and upon that basis alleges, that these defendants have continued, and

13  threaten to continue, infringing plaintiff's copyright.

14

15      31.   Plaintiff is entitled to and requests injunctive relief restraining defendants,

16  and their respective officers, agents and employees, and all persons acting in concert

17  with them, from engaging in any further acts in violation of the copyright laws.

18

19      32.   Plaintiff is further entitled to recover from defendants the damages

20  plaintiff has sustained and will sustain, and all gains, direct and indirect profit and

21  advantages obtained by defendants as a result of defendants' acts of infringement, or,

22  at plaintiff's election and as to those infringements for which statutory damages are

23  available, statutory damages of at least $150,000 or such greater amount as may be

24  permitted by law.

25  ///

26  ///

27  ///

28  ///

1

**THIRD CLAIM FOR RELIEF**

2

**(For Copyright Infringement As To *Heaven On Earth*)**

3

**(Against All Defendants)**

4

5       33.     Plaintiff refers to and re-alleges each and every allegation contained in

6   paragraphs 1 through 20, both inclusive, above, as if set forth herein.

7

8       34.     Plaintiff is the sole proprietor of all right, title and interest in and to the

9   copyright in the unpublished sound recording titled *Heaven On Earth*.  The United

10   States Register of Copyrights preregistered plaintiff's copyright in that sound recording

11   and issued to plaintiff Preregistration Number PRE000000676 for the copyright in that

12   sound recording, and the Register of Copyrights thereafter issued to plaintiff

13   Certificate of Registration Number SR 609-604 for plaintiff's copyright in that sound

14   recording and other sound recordings included in plaintiff's new album, *Blackout*.

15

16       35.     Defendants have infringed plaintiff's copyright by, *inter alia*, copying and

17   reproducing *Heaven On Earth*, under the false title "Your," by distributing copies of

18   *Heaven On Earth* to the public, by performing *Heaven On Earth* publicly and/or by

19   causing, inducing or purporting to authorize all or some of the foregoing

20   infringements, all without plaintiff's knowledge and consent.

21

22       36.     Despite demands that defendants cease their infringements of plaintiff's

23   copyright, defendants have failed or refused to do so.  Plaintiff is informed and

24   believes, and upon that basis alleges, that these defendants have continued, and

25   threaten to continue, infringing plaintiff's copyright.

26   ///

27   ///

28   ///

10

1    37.    Plaintiff is entitled to and requests injunctive relief restraining defendants,

2  and their respective officers, agents and employees, and all persons acting in concert

3  with them, from engaging in any further acts in violation of the copyright laws.

4

5    38.    Plaintiff is further entitled to recover from defendants the damages

6  plaintiff has sustained and will sustain, and all gains, direct and indirect profit and

7  advantages obtained by defendants as a result of defendants' acts of infringement, or,

8  at plaintiff's election and as to those infringements for which statutory damages are

9  available, statutory damages of at least $150,000 or such greater amount as may be

10  permitted by law.

11

12                      **FOURTH CLAIM FOR RELIEF**

13           **(For Copyright Infringement As To *Break The Ice*)**

14                    **(Against All Defendants)**

15

16    39.    Plaintiff refers to and re-alleges each and every allegation contained in

17  paragraphs 1 through 20, both inclusive, above, as if set forth herein.

18

19    40.    Plaintiff is the sole proprietor of all right, title and interest in and to the

20  copyright in the unpublished sound recording titled *Break The Ice*.  The United States

21  Register of Copyrights preregistered plaintiff's copyright in that sound recording and

22  issued to plaintiff Preregistration Number PRE000000678 for the copyright in that

23  sound recording, and the Register of Copyrights thereafter issued to plaintiff

24  Certificate of Registration Number SR 609-604 for plaintiff's copyright in that sound

25  recording and other sound recordings included in plaintiff's new album, *Blackout*.

26

27    41.    Defendants have infringed plaintiff's copyright by, *inter alia*, copying and

28  reproducing *Break The Ice*, under the false title "Been A While," by distributing copies

of *Break The Ice* to the public, by performing *Break The Ice* publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's knowledge and consent.

42.   Despite demands that defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so.   Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

43.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

44.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election and as to those infringements for which statutory damages are available, statutory damages of at least $150,000 or such greater amount as may be permitted by law.

## FIFTH CLAIM FOR RELIEF

### (For Copyright Infringement As To *Everybody*)

### (Against All Defendants)

45.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

///

///

12

46.   Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the unpublished sound recording titled *Everybody*.  The United States Register of Copyrights preregistered plaintiff's copyright in that sound recording and issued to plaintiff Preregistration Number PRE000000755 for the copyright in that sound recording, and the Register of Copyrights thereafter issued to plaintiff Certificate of Registration Number SRu 864-945 for plaintiff's copyright in that sound recording.

47.   Defendants have infringed plaintiff's copyright by, *inter alia*, copying and reproducing *Everybody*, by distributing copies of *Everybody* to the public, by performing *Everybody* publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's knowledge and consent.

48.   Despite demands that these defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so.  Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

49.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

50.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election and as to those infringements for which statutory damages are

1 | available, statutory damages of at least $150,000 or such greater amount as may be
2 | permitted by law.

### SIXTH CLAIM FOR RELIEF

#### (For Copyright Infringement As To *Gimme More*)

#### (Against All Defendants)

51.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

52.    Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the sound recording titled *Gimme More*, and the Register of Copyrights has issued to plaintiff Certificate of Registration Number SR 609-441 for plaintiff's copyright in that sound recording.

53.    Defendants have infringed plaintiff's copyright by, *inter alia*, copying and reproducing *Gimme More*, by distributing copies of *Gimme More* to the public, by performing *Gimme More* publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's knowledge and consent.

54.    Despite demands that these defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so. Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

///
///
///

14

55.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

56.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election and as to those infringements for which statutory damages are available, statutory damages of at least $150,000 or such greater amount as may be permitted by law.

## SEVENTH CLAIM FOR RELIEF

### (For Copyright Infringement As To *Hot As Ice*)

### (Against All Defendants)

57.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

58.    Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the unpublished sound recording titled *Hot As Ice*. The United States Register of Copyrights preregistered plaintiff's copyright in that sound recording and issued to plaintiff Preregistration Number PRE000000675 for the copyright in that sound recording, and the Register of Copyrights thereafter issued to plaintiff Certificate of Registration Number SR 609-604 for plaintiff's copyright in that sound recording and other sound recordings included in plaintiff's new album, *Blackout*.

59.    Defendants have infringed plaintiff's copyright by, *inter alia*, copying and reproducing *Hot As Ice*, under the false title "Cold as Fire," by distributing copies of

15

1  *Hot As Ice* to the public, by performing *Hot As Ice* publicly and/or by causing,

2  inducing or purporting to authorize all or some of the foregoing infringements, all

3  without plaintiff's knowledge and consent.

4

5       60.    Despite demands that these defendants cease their infringements of

6  plaintiff's copyright, defendants have failed or refused to do so. Plaintiff is informed

7  and believes, and upon that basis alleges, that these defendants have continued, and

8  threaten to continue, infringing plaintiff's copyright.

9

10       61.    Plaintiff is entitled to and requests injunctive relief restraining defendants,

11  and their respective officers, agents and employees, and all persons acting in concert

12  with them, from engaging in any further acts in violation of the copyright laws.

13

14       62.    Plaintiff is further entitled to recover from defendants the damages

15  plaintiff has sustained and will sustain, and all gains, direct and indirect profit and

16  advantages obtained by defendants as a result of defendants' acts of infringement, or,

17  at plaintiff's election and as to those infringements for which statutory damages are

18  available, statutory damages of at least $150,000 or such greater amount as may be

19  permitted by law.

20

21  **EIGHTH CLAIM FOR RELIEF**

22  **(For Copyright Infringement As To *Piece Of Me*)**

23  **(Against All Defendants)**

24

25       63.    Plaintiff refers to and re-alleges each and every allegation contained in

26  paragraphs 1 through 20, both inclusive, above, as if set forth herein.

27  ///

28  ///

64.    Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the unpublished sound recording titled *Piece Of Me*, and the Register of Copyrights has issued to plaintiff Certificate of Registration Number SR 609-604 for plaintiff's copyright in that sound recording and other sound recordings included in plaintiff's new album, *Blackout*.

65.    Defendants have infringed plaintiff's copyright by, *inter alia*, copying and reproducing *Piece Of Me*, by distributing copies of *Piece Of Me* to the public, by performing *Piece Of Me* publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's knowledge and consent.

66.    Despite demands that these defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so.  Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

67.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

68.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election and as to those infringements for which statutory damages are available, statutory damages of at least $150,000 or such greater amount as may be permitted by law.

///

## NINTH CLAIM FOR RELIEF

### (For Copyright Infringement As To *Radar*)

### (Against All Defendants)

69.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

70.     Plaintiff is the sole proprietor of all right, title and interest in and to the copyright in the unpublished sound recording titled *Radar*.  The United States Register of Copyrights preregistered plaintiff's copyright in that sound recording and issued to plaintiff Preregistration Number PRE000000681 for the copyright in that sound recording, and the Register of Copyrights thereafter issued to plaintiff Certificate of Registration Number SR 609-604 for plaintiff's copyright in that sound recording and other sound recordings included in plaintiff's new album, *Blackout*.

71.     Defendants have infringed plaintiff's copyright by, *inter alia*, copying and reproducing *Radar*, by distributing copies of *Radar* to the public, by performing *Radar* publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's knowledge and consent.

72.     Despite demands that these defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so.  Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

73.     Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

1  74.    Plaintiff is further entitled to recover from defendants the damages
2  plaintiff has sustained and will sustain, and all gains, direct and indirect profit and
3  advantages obtained by defendants as a result of defendants' acts of infringement, or,
4  at plaintiff's election and as to those infringements for which statutory damages are
5  available, statutory damages of at least $150,000 or such greater amount as may be
6  permitted by law.

## TENTH CLAIM FOR RELIEF

### (For Copyright Infringement As To *Kiss You All Over*)

### (Against All Defendants)

75.    Plaintiff refers to and re-alleges each and every allegation contained in
paragraphs 1 through 20, both inclusive, above, as if set forth herein.

76.    Plaintiff is the sole proprietor of all right, title and interest in and to the
copyright in the unpublished sound recording titled *Kiss You All Over*.  The United
States Register of Copyrights preregistered plaintiff's copyright in that sound recording
and issued to plaintiff Preregistration Number PRE000000757 for the copyright in that
sound recording, and the Register of Copyrights thereafter issued to plaintiff
Certificate of Registration Number SRu 864-950 for plaintiff's copyright in that sound
recording.

77.    Defendants have infringed plaintiff's copyright by, *inter alia*, copying and
reproducing *Kiss You All Over*, by distributing copies of *Kiss You All Over* to the
public, by performing *Kiss You All Over* publicly and/or by causing, inducing or
purporting to authorize all or some of the foregoing infringements, all without
plaintiff's knowledge and consent.

///

78.   Despite demands that these defendants cease their infringements of plaintiff's copyright, defendants have failed or refused to do so. Plaintiff is informed and believes, and upon that basis alleges, that these defendants have continued, and threaten to continue, infringing plaintiff's copyright.

79.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

80.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election and as to those infringements for which statutory damages are available, statutory damages of at least $150,000 or such greater amount as may be permitted by law.

## ELEVENTH CLAIM FOR RELIEF

### (For Conversion)

### (Against All Defendants)

81.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 20, both inclusive, above, as if set forth herein.

82.   Plaintiff owns, and at all relevant times owned, the Recordings and the copies of the Recordings, including the sole rights to possession, custody and control of the Recordings and the copies of the Recordings, none of which plaintiff has released to the public.

///

83.   Plaintiff is informed and believes, and based thereon alleges, that defendants have unlawfully obtained and have exercised unlawful dominion over plaintiff's Recordings and plaintiff's copies of the Recordings.

84.   Despite demands that defendants return to plaintiff all of plaintiff's Recordings and copies thereof, defendants have failed or refused to do so.

85.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from continuing to exercise unlawful dominion over plaintiff's Recordings and copies thereof, and each of them.

86.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain as a result of defendants' conversion, in an amount according to proof.

87.   Defendants have acted willfully and with a conscious disregard of plaintiffs' rights and the damages and losses defendants have caused and are likely to cause  Accordingly, plaintiff is also entitled to an award of punitive or exemplary damages, according to proof.

///
///
///
///
///
///
///
///

## **PRAYER**

**WHEREFORE,** plaintiff prays for judgment as follows:

1.      On the First through Tenth Claims for Relief for copyright infringement:

        (a)      That defendants, and each of them and their respective agents and servants, be enjoined during the pendency of this action and permanently from infringing, or contributing to the infringement of, plaintiff's copyrights in any manner, and from copying, selling, marketing, distributing, displaying or otherwise exploiting infringing copies or reproductions of any of plaintiff's copyrighted materials, and that defendants be required to deliver up to plaintiff all copies and other materials used in the making of infringing copies or reproductions;

        (b)      That defendants, and each of them, be required to pay plaintiff such damages as plaintiff has sustained in consequence of defendants' infringement of plaintiff's copyrights, including but not limited to the injury to the value of plaintiff's property, and all other damages sustained by plaintiff, and to account for and pay to plaintiff all gains, direct and indirect profits and advantages derived by defendants by reason of their infringements, or, at plaintiff's election and as to those infringements for which statutory damages are available, statutory damages, all according to proof;

2.      On the Eleventh Claim for Relief for conversion:

        (a)      That defendants, their agents and servants, be enjoined during the pendency of this action and permanently from their continued conversion of plaintiff's property, and be required to deliver plaintiff's property up to plaintiff;

22

1          (b)     That defendants be required to pay plaintiff such damages as

2     plaintiff has sustained in consequence of defendants' wrongful conduct, in an

3     amount according to proof;

4

5          (c)     That plaintiff be awarded punitive and exemplary damages against

6     defendants, according to proof;

7

8     3.     For pre-judgment interest on all sums awarded;

9

10     4.     For plaintiff's cost of suit and its attorney's fees; and

11

12     5.     For such other and further relief as the Court deems just and proper.

13

14   Dated: December 4, 2007

15                                 Peter J. Anderson, Esq.
                           LAW OFFICES OF PETER J. ANDERSON

16                            A Professional Corporation
                             Attorney for Plaintiff

17                           ZOMBA RECORDING LLC

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: December 4, 2007

_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Plaintiff
ZOMBA RECORDING LLC

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California and my business address is 100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401. I am over the age of 18 and not a party to this action.

    On December 4, 2007, I served the foregoing document described as, on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica, California, addressed as follows:

> Bryan J. Freedman, Esq.
> Freedman & Taitelman, LLP
> 1901 Avenue of the Stars
> Suite 500
> Los Angeles, CA 90067

[X]    I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing on the foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

[ ]    I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]    I placed such envelope in a box or other facility regularly maintained by Federal Express, in an envelope or package designated and provided by Federal Express, with delivery fees paid or provided for, addressed to the above-indicated addressees.

[ ]    I caused a copy of the foregoing document to be faxed to the addressee.

    Executed on December 4, 2007 at Santa Monica, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Marisa Martinez

25

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

    I am employed in the County of Los Angeles, State of California and my business address is 100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401. I

4

am over the age of 18 and not a party to this action.

5

    On December 4, 2007, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND**

6

**CONVERSION; DEMAND FOR JURY TRIAL,** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica,

7

California, addressed as follows:

8

        Bryan J. Freedman, Esq.
        Freedman & Taitelman, LLP

9

        1901 Avenue of the Stars
        Suite 500

10

        Los Angeles, CA 90067

11

[X]

12

        I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I am "readily familiar" with the firm's practice of

13

collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States

14

Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing on the

15

foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation

16

date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

17

[ ]

18

        I caused such envelope to be delivered by hand to the offices of the addressee.

19

[ ]

20

        I placed such envelope in a box or other facility regularly maintained by Federal Express, in an envelope or package designated and provided by Federal

21

Express, with delivery fees paid or provided for, addressed to the above-indicated addressees.

22

[ ]

23

        I caused a copy of the foregoing document to be faxed to the addressee.

24

    Executed on December 4, 2007 at Santa Monica, California. I declare under penalty of perjury under the laws of the State of California that the above is true and

25

correct.

26

_____
                Marisa Martinez

27

28

25