1 | **FREEDMAN & TAITELMAN, LLP**
2 | BRYAN J. FREEDMAN, Esq. (SBN 151990)
e-mail: bfreedman@ftllp.com
3 | MATTHEW E. VOSS, Esq. (SBN 198728)
e-mail: mvoss@ftllp.com
4 | 1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
5 | Telephone: (310) 201-0005
Fax: (310) 201-0045

6 | **DOLL AMIR & ELEY, LLP**
7 | GREGORY L. DOLL, Esq. (SBN 193025)
e-mail: gdoll@dollamir.com
8 | MICHAEL M. AMIR, Esq. (SBN 204291)
e-mail: mamir@dollamir.com
9 | 1888 Century Park East, Suite 1106
Los Angeles, California 90067
10 | Telephone: (310) 557-9100
Fax: (310) 557-9101

11 | Attorneys for Defendant
MARIO LAVANDEIRA, dba Perez Hilton
12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 | **WESTERN DIVISION**

16 |

17 | ZOMBA RECORDING LLC, a
Delaware limited liability limited
18 | company,                              ) CASE NO.: CV 07-06591 ODW (JCx)
                                        )
19 |                Plaintiff,            ) **ANSWER TO FIRST AMENDED**
                                        ) **COMPLAINT; DEMAND FOR**
20 | v.                                   ) **JURY TRIAL**
                                        )
21 | MARIO ARMANDO LAVANDEIRA,            )
JR., aka Mario Lavandeira and Perez    )
22 | Hilton, an individual; and DOES 1    )
through 10, inclusive,                 )
23 |                                      )
                Defendants.             )
24 | _____    )

25 |

26 | Defendant Mario Lavandeira, dba Perez Hilton ("Defendant"), for himself and

27 | no other individuals or entities, by and through his attorneys of record, Freedman &

28 | Taitelman, LLP and Doll Amir & Eley, LLP, as and for his answer to the First

1

Amended Complaint (the "FAC") filed by Plaintiff Zomba Recording LLC "Plaintiff"), hereinafter admits or denies the allegations of the FAC as follows:

1.      Admits the allegation in paragraph 1 of the FAC that this Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq. (the Copyright Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright), and supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. §1367(a).

2.      Admits the allegations in paragraph 2 of the FAC.

3.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the FAC and, on that basis, denies them.

4.      Admits the allegations in paragraph 4 of the FAC.

5.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the FAC and, on that basis, denies them.

6.      Denies the allegations contained in paragraph 6 of the FAC.

7.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the FAC and, on that basis, denies them.

8.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the FAC and, on that basis, denies them.

9.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the FAC and, on that basis, denies them.

10.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the FAC and, on that basis, denies them.

11.     Denies the allegations contained in paragraph 11 of the FAC, except admits that Defendant operates the website http://www.perezhilton.com, a news reporting website which, among other things, provides satirical commentary on current celebrity-related news written and composed by Defendant, and which generates advertising revenue.

/ / /

1    12.    Denies the allegations contained in paragraph 12 of the FAC.

2    13.    Lacks knowledge or information sufficient to form a belief as to the truth
3 of the allegations in paragraph 13 of the FAC that "[o]n or about August 23, 2007,
4 plaintiff learned that defendants had posted on perezhilton.com a copy of plaintiff's
5 sound recording of Ms. Spears' performance of the untitled musical composition.
6 Plaintiff has not released that sound recording. . . ." As such, Defendant denies such
7 allegations. Defendant denies the remaining allegations in paragraph 13 of the FAC.

8    14.    Lacks knowledge or information sufficient to form a belief as to the truth
9 of the allegations in paragraph 14 of the FAC and, on that basis, denies them.

10    15.    Denies the allegations contained in paragraph 15 of the FAC.

11    16.    Lacks knowledge or information sufficient to form a belief as to the truth
12 of the allegations in paragraph 16 of the FAC that "[o]nce again, plaintiff, through the
13 RIAA, demanded that defendant Lavandeira's ISP remove or disable access to the
14 sound recordings *Gimme More* and *Hot As Ice*, and both were later removed by
15 defendant Lavandeira's ISP." As such, Defendant denies such allegations.
16 Defendant denies the remaining allegations in paragraph 16 of the FAC.

17    17.    Lacks knowledge or information sufficient to form a belief as to the truth
18 of the allegations in paragraph 17 of the FAC that "Plaintiff also had not yet released
19 these latter four sound recordings to the public. Plaintiff, through the RIAA, again
20 demanded that defendant Lavandeira's ISP remove or disable access to these sound
21 recordings, and defendant Lavandeira's ISP subsequently removed some of those
22 sound recordings but others remained posted on perezhilton.com." As such,
23 Defendant denies such allegations. Defendant denies the remaining allegations in
24 paragraph 17 of the FAC.

25    18.    Lacks knowledge or information sufficient to form a belief as to the truth
26 of the allegations in paragraph 18 of the FAC that "Plaintiff also had not released
27 these sound recordings to the public. Plaintiff, through the RIAA, once again
28 demanded that defendant Lavandeira's ISP remove or disable access to these sound

1  recordings, and they have been removed." As such, Defendant denies such

2  allegations. Defendant denies the remaining allegations in paragraph 18 of the FAC.

3       19.    Lacks knowledge or information sufficient to form a belief as to the truth

4  of the allegations in paragraph 19 of the FAC and, on that basis, denies them.

5       20.    Denies the allegations contained in paragraph 20 of the FAC.

6       21.    Defendant refers to and realleges his responses to paragraphs 1 through

7  20, as though fully set forth in full.

8       22.    Lacks knowledge or information sufficient to form a belief as to the truth

9  of the allegations in paragraph 22 of the FAC and, on that basis, denies them.

10       23.    Denies the allegations contained in paragraph 23 of the FAC.

11       24.    Denies the allegations contained in paragraph 24 of the FAC.

12       25.    Denies the allegations contained in paragraph 25 of the FAC.

13       26.    Denies the allegations contained in paragraph 26 of the FAC.

14       27.    Defendant refers to and realleges his responses to paragraphs 1 through

15  26, as though fully set forth in full.

16       28.    Lacks knowledge or information sufficient to form a belief as to the truth

17  of the allegations in paragraph 28 of the FAC and, on that basis, denies them.

18       29.    Denies the allegations contained in paragraph 29 of the FAC.

19       30.    Denies the allegations contained in paragraph 30 of the FAC.

20       31.    Denies the allegations contained in paragraph 31 of the FAC.

21       32.    Denies the allegations contained in paragraph 32 of the FAC.

22       33.    Defendant refers to and realleges his responses to paragraphs 1 through

23  32, as though fully set forth in full.

24       34.    Lacks knowledge or information sufficient to form a belief as to the truth

25  of the allegations in paragraph 34 of the FAC and, on that basis, denies them.

26       35.    Denies the allegations contained in paragraph 35 of the FAC.

27       36.    Denies the allegations contained in paragraph 36 of the FAC.

28       37.    Denies the allegations contained in paragraph 37 of the FAC.

4

1    38.  Denies the allegations contained in paragraph 38 of the FAC.

2    39.  Defendant refers to and realleges his responses to paragraphs 1 through
3  38, as though fully set forth in full.

4    40.  Lacks knowledge or information sufficient to form a belief as to the truth
5  of the allegations in paragraph 40 of the FAC and, on that basis, denies them.

6    41.  Denies the allegations contained in paragraph 41 of the FAC.

7    42.  Denies the allegations contained in paragraph 42 of the FAC.

8    43.  Denies the allegations contained in paragraph 43 of the FAC.

9    44.  Denies the allegations contained in paragraph 44 of the FAC.

10   45.  Defendant refers to and realleges his responses to paragraphs 1 through
11  44, as though fully set forth in full.

12   46.  Lacks knowledge or information sufficient to form a belief as to the truth
13  of the allegations in paragraph 46 of the FAC and, on that basis, denies them.

14   47.  Denies the allegations contained in paragraph 47 of the FAC.

15   48.  Denies the allegations contained in paragraph 48 of the FAC.

16   49.  Denies the allegations contained in paragraph 49 of the FAC.

17   50.  Denies the allegations contained in paragraph 50 of the FAC.

18   51.  Defendant refers to and realleges his responses to paragraphs 1 through
19  50, as though fully set forth in full.

20   52.  Lacks knowledge or information sufficient to form a belief as to the truth
21  of the allegations in paragraph 52 of the FAC and, on that basis, denies them.

22   53.  Denies the allegations contained in paragraph 53 of the FAC.

23   54.  Denies the allegations contained in paragraph 54 of the FAC.

24   55.  Denies the allegations contained in paragraph 55 of the FAC.

25   56.  Denies the allegations contained in paragraph 56 of the FAC.

26   57.  Defendant refers to and realleges his responses to paragraphs 1 through
27  56, as though fully set forth in full.

28  / / /

5

58.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the FAC and, on that basis, denies them.

59.   Denies the allegations contained in paragraph 59 of the FAC.

60.   Denies the allegations contained in paragraph 60 of the FAC.

61.   Denies the allegations contained in paragraph 61 of the FAC.

62.   Denies the allegations contained in paragraph 62 of the FAC.

63.   Defendant refers to and realleges his responses to paragraphs 1 through 62, as though fully set forth in full.

64.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the FAC and, on that basis, denies them.

65.   Denies the allegations contained in paragraph 65 of the FAC.

66.   Denies the allegations contained in paragraph 66 of the FAC.

67.   Denies the allegations contained in paragraph 67 of the FAC.

68.   Denies the allegations contained in paragraph 68 of the FAC.

69.   Defendant refers to and realleges his responses to paragraphs 1 through 68, as though fully set forth in full.

70.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the FAC and, on that basis, denies them.

71.   Denies the allegations contained in paragraph 71 of the FAC.

72.   Denies the allegations contained in paragraph 72 of the FAC.

73.   Denies the allegations contained in paragraph 73 of the FAC.

74.   Denies the allegations contained in paragraph 74 of the FAC.

75.   Defendant refers to and realleges his responses to paragraphs 1 through 74, as though fully set forth in full.

76.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the FAC and, on that basis, denies them.

77.   Denies the allegations contained in paragraph 77 of the FAC.

78.   Denies the allegations contained in paragraph 78 of the FAC.

1      79.    Denies the allegations contained in paragraph 79 of the FAC.

2      80.    Denies the allegations contained in paragraph 80 of the FAC.

3      81.    Defendant refers to and realleges his responses to paragraphs 1 through

4 80, as though fully set forth in full.

5      82.    Lacks knowledge or information sufficient to form a belief as to the truth

6 of the allegations in paragraph 82 of the FAC and, on that basis, denies them.

7      83.    Denies the allegations contained in paragraph 83 of the FAC.

8      84.    Denies the allegations contained in paragraph 84 of the FAC.

9      85.    Denies the allegations contained in paragraph 85 of the FAC.

10      86.    Denies the allegations contained in paragraph 86 of the FAC.

11      87.    Denies the allegations contained in paragraph 87 of the FAC.

12

13                        **AFFIRMATIVE DEFENSES**

14      88.    Defendant has alleged defenses as set forth below to avoid the necessity

15 of amending the Answer. Defendant recognizes that depending upon the

16 development of facts, some of the defenses may ultimately not be applicable. By

17 such pleading, Defendant also intends no alteration of the burden of proof and/or

18 burden of going forward with the evidence that otherwise exists with respect to any

19 particular issue at law or in equity. Furthermore, all defenses are pleaded in the

20 alternative, and do not constitute an admission of liability or as to whether Plaintiff is

21 entitled to any relief whatsoever.

22

23                        **FIRST AFFIRMATIVE DEFENSE**

24      89.    The FAC fails to state a claim upon which relief may be granted.

25

26                        **SECOND AFFIRMATIVE DEFENSE**

27      90.    Defendant's alleged conduct constitutes fair use.

28 / / /

1
## THIRD AFFIRMATIVE DEFENSE
2        91.   Plaintiff lacks standing to pursue these claims.
3
4
## FOURTH AFFIRMATIVE DEFENSE
5        92.   Defendant was authorized to engage in the alleged conduct at issue.
6
7
## FIFTH AFFIRMATIVE DEFENSE
8        93.   Plaintiff has unclean hands.
9
10
## SIXTH AFFIRMATIVE DEFENSE
11       94.   Plaintiff's alleged copyright registration(s) is and/or are invalid.
12
13
## SEVENTH AFFIRMATIVE DEFENSE
14       95.   Plaintiff's claims are barred by the statute of limitations.
15
16
## EIGHTH AFFIRMATIVE DEFENSE
17       96.   Plaintiff's claims are barred by the doctrine of laches.
18
19
## NINTH AFFIRMATIVE DEFENSE
20       97.   Plaintiff's claims are barred by the doctrine of waiver.
21
22
## TENTH AFFIRMATIVE DEFENSE
23       98.   Plaintiff's claims are barred by the doctrine of equitable estoppel.
24
25
## ELEVENTH AFFIRMATIVE DEFENSE
26       99.   Plaintiff's damages or injury, if any, are the sole and direct result of
27  forces, acts and omissions of Plaintiff or third parties independent of Defendant.
28  / / /

8

1

## TWELFTH AFFIRMATIVE DEFENSE

2   100.   Assuming, arguendo, that Plaintiff has any protectible rights with respect
3   to the purported copyrighted work(s) at issue, such rights were either expressly and/or
4   impliedly licensed by Plaintiff and/or other parties to Defendant.

5

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7   101.   Assuming, arguendo, that Plaintiff has any protectible rights with respect
8   to the purported copyrighted work(s) at issue, such rights were transferred to or
9   owned from inception by Defendant.

10

11

## FOURTEENTH AFFIRMATIVE DEFENSE

12   102.   The FAC fails to demonstrate any entitlement to the remedy of
13   injunctive relief because it fails to state facts sufficient to show continuing acts, the
14   threat of irreparable harm or a reasonable likelihood of repetition of the alleged
15   conduct if it were in fact established to be wrongful.

16

17

## FIFTEENTH AFFIRMATIVE DEFENSE

18   103.   Plaintiff is barred from recovering on the allegations of the FAC, in
19   whole or in part, because Defendant's conduct was justified or privileged.

20

21

## SIXTEENTH AFFIRMATIVE DEFENSE

22   104.   Plaintiff is barred from recovering for declaratory and injunctive relief
23   on the allegations of the FAC because Plaintiff has an adequate remedy at law.

24

25

## SEVENTEENTH AFFIRMATIVE DEFENSE

26   105.   Plaintiff has no ownership rights to the copyrighted works.

27   / / /

28   / / /

9

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2    106.   To the extent the Court determines that Defendant did engage in any of
3  the purported acts alleged by Plaintiff in the FAC, Defendant, before taking such
4  action, in good faith sought the advice of an attorney whom he considered to be
5  competent for the purpose of securing advice on the lawfulness of his possible future
6  conduct and made a full and accurate report to his attorney of all material facts which
7  Defendant knew, and acted strictly in accordance with the advice of his attorney who
8  had been given a full report.

9

10

## NINETEENTH AFFIRMATIVE DEFENSE

11    107.   Defendant alleges that he may have additional defenses or claims
12  available to him of which he is not now aware.  Defendant reserves the right to assert
13  additional defenses or cross-claims, counterclaims, or third-party claims as may be
14  revealed to be appropriate through discovery or otherwise.

15

16    WHEREFORE, Defendant demands judgment against Plaintiff as follows:

17    1.    Dismissing the FAC, with prejudice;

18    2.    Declaring that Plaintiff has no lawful ownership interest in the
19  purported copyrighted work(s) at issue, nor in the copyrights thereon or that
20  Defendant's transformative use of the purportedly copyrighted work(s) constitutes
21  fair use; and

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

3.   Granting such other and further relief as this Court deems just and proper, including awarding Defendant the costs, interest and attorneys' fees incurred by him in the defense of this action.

Dated: January 11, 2008          FREEDMAN & TAITELMAN, LLP

By: _____
    Bryan J. Freedman, Esq.
    Attorneys for Defendant
    MARIO LAVANDEIRA, dba Perez
    Hilton

11

## **DEMAND FOR JURY TRIAL**

Defendant respectfully demands trial by jury.

Dated: January 11, 2008                     FREEDMAN & TAITELMAN, LLP

By: _____
Bryan J. Freedman, Esq.
Attorneys for Defendant
MARIO LAVANDEIRA, dba Perez
Hilton

12

**PROOF OF SERVICE**

UNITED STATES OF AMERICA   ]
                                    ]
STATE OF CALIFORNIA         ]
                                    ]ss.
COUNTY OF LOS ANGELES   ]

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 500, Los Angeles, California 90067.

      On January 11, 2008, I served the following document(s) described as **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

[ ]    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. from (310) 201-0045. The transmission was reported as complete and without error, and a transmission report was properly issued by the transmitting facsimile machine.

[X]    by placing a true copy of the document(s) listed above in a sealed envelope(s), with postage thereon fully prepaid, addressed as set forth below. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

[ ]    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal Express agent for next business day delivery to the address(es) listed below.

[ ]    By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[X]    (FEDERAL) I am employed in the office of an attorney who is a member of this court at whose direction I served the above-described document.

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, California 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
E-mail: pja@pjanderson.com
*Attorneys for Plaintiff*

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct and that this Proof of Service was executed on January 11, 2008 at Los Angeles, California.

Rose Acosta

13