Peter J. Anderson, Esq., Cal. Bar No. 088891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard
Suite 2010
Santa Monica, CA 90401

Tel: (310) 260-6030
Fax: (310) 260-6040

Attorneys for Plaintiff
ZOMBA RECORDING LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO ARAMANDO LAVANDEIRA, JR., aka Mario Lavandeira and Perez Hilton, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 07-06591 ODW (JCx)<br><br>JOINT RULE 26(F) REPORT<br><br>Date: March 17, 2008<br>Time: 1:30 p.m.<br><br>Courtroom of the Honorable Otis D. Wright II United States District Judge |

**JOINT RULE 26(F) REPORT**

Pursuant to this Court's January 15, 2008 Order in this case, Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rule 26-1, plaintiff Zomba Recording LLC and defendant Mario Aramando Lavandeira, Jr., submit this Joint Rule 26(f) Report.

**1. SHORT STATEMENT OF THE CASE.**

Plaintiff is a record company and, among other things, owns and distributes sound recordings of performances by various musical artists. One of plaintiff's recording artists is Britney Spears, the internationally popular performing and recording artist. On October 30, 2007, plaintiff released *Blackout*, the first album in four years with newly recorded performances by Ms. Spears. Plaintiff contends that it owns the sound recordings in *Blackout* as well as unfinished sound recordings and completed sound recordings created in anticipation of the release of that album.

Defendant Maria Aramando Lavandeira, who goes by the pseudonym "Perez Hilton," maintains the Internet website perezhilton.com. Prior to the release of plaintiff's *Blackout* album, defendant allegedly posted on his website a copy of one of plaintiff's recordings created for the *Blackout* album. Plaintiff contends that it objected and ultimately that posting was removed by the Internet Service Provider that provides defendant access to the Internet. Plaintiff contends that over the ensuing weeks, defendant posted on his web site copies of at least nine additional recordings created for the *Blackout* album.

On October 11, 2007, plaintiff filed this action for copyright infringement and for conversion. Plaintiff filed a First Amended Complaint on December 4, 2007, and defendant filed his Answer on January 11, 2008.

**2. <u>THE LIKELIHOOD OF THE APPEARANCE OF ADDITIONAL PARTIES; PROPOSED DEADLINE FOR JOINING PARTIES AND AMENDING PLEADINGS.</u>**

Plaintiff has not yet determined the identity of any of the Doe defendants but, depending on the results of plaintiff's initial discovery, may seek leave to amend to identify Doe defendants. Otherwise, the parties do not anticipate amendment of their respective pleadings.

The parties respectfully propose April 30, 2008 as the deadline for joining additional parties and amending pleadings.

**3. <u>SHORT SYNOPSIS OF PRINCIPAL ISSUES IN THE CASE.</u>**

Without conceding that any of the following issues will in fact be the subject of legitimate dispute, the parties presently believe that the principal issues in the case are:

1. Plaintiff's ownership of the subject sound recordings;
2. Defendant's alleged posting and exploitation of the sound recordings;
3. Defendant's alleged willfulness in allegedly infringing plaintiff's copyrights;
4. Plaintiff's damages;
5. Defendant's profits from the alleged infringements;

6. Defendant's defenses, including but not limited to fair use and advice of counsel;

7. Defendant's alleged obtaining of and use of the physical sound recordings in which plaintiff claims a possessory interest.

## 4. PROPOSED DISCOVERY PLAN.

### (a) Initial Disclosures.

The parties do not believe any changes should be made in the form or requirements for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, and have agreed that those disclosures will be made by March 14, 2008.

### (b) Changes in Limitations *re* Discovery.

The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule.

### (c) Listing and Proposed Schedule of Written Discovery and Depositions; Proposed Discovery Cut-Off Date; Whether Discovery Should be Conducted in Phases or Otherwise Ordered or Limited.

Counsel discussed the subjects on which they presently anticipate discovery will be needed and respectfully submit the following list and schedule of written discovery and depositions:

1. Plaintiff's request for admission, interrogatories and request for production: to be served after receipt of initial disclosures and by June 30, 2008.

2. Defendant's request for admission, interrogatories and request for production: to be served after receipt of initial disclosures and by June 30, 2008.

3. Plaintiff's depositions of defendant, defendant's counsel referred to in defendant's Eighteenth Affirmative Defense of reliance on counsel, RIAA witnesses involved in shutting down defendant's infringing posting, and witnesses identified in defendant's responses to discovery: to be completed by September 30, 2008;

4. Defendant's depositions of plaintiff's persons most knowledgeable as to plaintiff's copyright ownership of the subject sound recordings and plaintiff's damages: to be completed by October 31, 2008;

5. Plaintiff's second wave of written discovery, following up on the prior discovery and in preparation of pretrial proceedings: to be completed by November 30, 2008;

6. Defendant's second wave of written discovery, following up on the prior discovery and in preparation of pretrial proceedings: to be completed by November 30, 2008;

7. Plaintiff's depositions of witnesses identified in response to second wave of written discovery: to be completed by December 31, 2008; and

8. Defendant's depositions of witnesses identified in response to second wave of written discovery: to be completed by December 31, 2008.

The parties respectfully propose a fact discovery cut-off of December 31, 2008.

The parties do not believe that discovery should be conducted in phases or otherwise ordered or limited.

(d) **Expert Witness Discovery.**

The parties respectfully propose the following schedule for expert witness disclosures and discovery:

1. Initial expert designations and disclosures: within 30 days after the fact discovery cut-off;
2. Rebuttal expert designations and disclosures: within 20 days of initial designations and disclosures; and
3. Expert witness discovery cut-off: within 80 days of fact discovery cut-off (or, if the discovery cut-off is set at December 31, 2008 as proposed above, an expert witness discovery cut-off of March 20, 2008).

## 5. MOTION CUT-OFF, PRETRIAL, TRIAL DATES AND OTHER DATES.

The parties respectfully submit the following proposed dates:

Last day for hearing Motions: April 26, 2009.

Final Pretrial Conference: May 23, 2009.

Trial date: June 17, 2009.

## 6. TRIAL ESTIMATE.

All parties have requested a jury trial. The parties preliminarily estimate a three to five day trial.

**7. SETTLEMENT.**

The parties have discussed the possibility of settlement and proposals and counter-proposals have been exchanged, but to date a settlement has not been achieved. The parties will continue to pursue the possibility of settlement but at this time are unable to advise as to the likelihood of settlement.

The parties believe that an appropriate plan for maximizing settlement prospects would be for the magistrate judge assigned to the case to conduct settlement proceedings, pursuant to Local Rule 16-14.4, Settlement Procedure No. 1.

**8. WHETHER THIS CASE IS COMPLEX.**

The parties agree that this action is not "complex" and does not require utilization of any of the procedures of the Manual for Complex Litigation.

**9. ANTICIPATED DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS.**

Plaintiff anticipates filing a motion for partial summary judgment as to several of defendant's Affirmative Defenses -- in particular, defendant's defenses of fair use and plaintiff's alleged lack of valid copyrights -- and may move for summary judgment on the issue of defendants' liability, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

Defendant anticipates filing a motion for summary judgment as to liability, including on its various defenses.

**10. UNUSUAL LEGAL ISSUES.**

The parties do not believe the action involves any unusual legal issues.

**11. SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF.**

The parties do not anticipate proposing the severance or bifurcation of any issues or other matters or any other special ordering of proof.

Dated: 3/3/08

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Plaintiff
ZOMBA RECORDING LLC

Dated: 3/3/08

Bryan J. Freedman, Esq.
Jesse Kaplan, Esq.
Freedman & Taitelman, LLP
Attorneys for Defendant
MARIO LAVANDEIRA